IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM JASON AKES,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**PAYPAL INC.,**<br><br>        **Defendant.** | **Case No. 21-CV-1348-SPM** |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

FACTUAL & PROCEDURAL BACKGROUND

On October 28, 2021 William Jason Akes filed a Complaint against Defendant PayPal, INC. for placing a freeze on his PayPal account. (Doc. 1). In his Complaint, Akes indicates that when he "tried to transfer $6,240 to an acquaintance so he could access said cash both Plaintiff's account and transferees [sic] account was [sic] frozen." (Doc. 1). Akes also states that ". . . plaintiff and transferee have gotten together and tried to resolve the issue of the frozen accounts by calling PayPal customer services on numerous occasions." (Doc. 1). Akes asserts that PayPal said that the freeze placed on his accounts would last for 180 days. (Doc. 1 ¶ III). However, Akes further claims that after the original 180-day freeze, PayPal extended the freeze for another 180 days. (Doc. 1 ¶ IV). Akes alleges that as a result of the freeze on his account, he was unable to receive unemployment benefits and economic impact payments from the federal government (Doc. 1 ¶ V). Akes states that PayPal has ". . . cleared him of any wrongdoing, but refuse [sic] to unfreeze funds after the 180 day

period." (Doc. 1) Further, Akes suggests PayPal treated his requests to unfreeze his account "indifferently." (Doc. 1).

## LEGAL STANDARD

Along with the Complaint, Akes filed a motion to proceed *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant, "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Akes appears to be indigent, however, Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also, Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Akes' motion for IFP requires the Court to closely review the allegations of his petition. Akes' claim requires elaboration under this additional level of review.

## ANALYSIS

While Akes may ultimately have a valid claim, his Complaint falls short in two areas. First, Akes does not provide a jurisdictional statement in his complaint. (Doc 1). Akes is likely unaware of the jurisdictional limitations on the federal courts power to hear certain cases. The federal courts are courts of limited jurisdiction—unlike state courts, federal courts can hear a case only when authorized to do so by the

United States Constitution and by statute. U.S. Const. art. 3, § 2.; *see Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Akes must assert why the federal courts have proper jurisdiction to hear his case in his Complaint.

Second, and related to the short coming above, Akes fails to establish the legal basis which entitles him to relief. In his Complaint, Akes does not allege any particular violation of law. (Doc. 1). Without establishing the relevant law in his Complaint, it is unclear whether Akes has a valid claim under federal law or even if his claim may be better suited for state court. Based on a reading of Akes' Complaint, he appears to allege that PayPal violated financial regulations when it put a hold on his account. One cannot begin to speculate which law Akes attempts to claim PayPal violated. Simply put, it is not for this Court to make Akes' case for him or surmise under which law he is attempting to state his claim.

## Conclusion

For the reasons set forth above, Akes' Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DENIED**, and the Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction and failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Akes' Motion for Status (Doc. 6) is **DENIED** as **MOOT**.

Akes may file a First Amended Complaint in this case by **April 20, 2022**, if he wishes to re-plead his claim herein. Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The First Amended

Complaint must stand on its own, without reference to any previous pleading. The amended complaint is also subject to review under 28 U.S.C. § 1915(e)(2). No service shall be ordered until review is completed.

Finally, Akes is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 30, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**